JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 11-1764-JST (RNBx) | Date: November 21, 2011 |
| Title: Citibank, N.A. v. Gurmit Singh Gill, et al. | |

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:  ATTORNEYS PRESENT FOR DEFENDANT:

Not present                                                Not present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2011 00497880**

     Plaintiff Citibank, N.A. filed this unlawful detainer action in Orange County Superior Court on August 08, 2011, Case Number 30-2011 00497880. On November 16, 2011, Defendants Gurmit Singh Gill and Sarabjit Kaur removed this action on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Doc. 1.) Where a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)). For the reasons discussed below, the Court sua sponte REMANDS this case to the Orange County Superior Court.

     When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-1764-JST (RNBx)                                   Date:  November 21, 2011
Title:  Citibank, N.A. v. Gurmit Singh Gill, et al.

      Here, Defendants' notice of removal is based on alleged federal question jurisdiction. Specifically, he cites the Protecting Tenants at Foreclosure Act ("PFTA") of 2009.  However, because the underlying action here is an unlawful detainer, a federal question does not present itself.  *See IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. EDCV 09-1660, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").  Furthermore, the PFTA is only a defense to the state law unlawful detainer action, and a "PFTA defense does not confer federal question jurisdiction on this [C]ourt." *Aurora Loan Servs., LLC v. Torres*, No. 5:11-CV-03061-EJD, 2011 WL 4551458, at *1 (N.D. Cal. Sept. 30, 2011).  "Moreover, federal courts have uniformly concluded that the PFTA does not preempt state law unlawful detainer actions." *Id.*

      For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Orange County Superior Court.

Initials of Preparer:  <u>enm</u>